NO.
12-06-00042-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

THE STATE OF TEXAS FOR THE           §                      APPEAL
FROM THE 

 

BEST INTEREST AND       §                      COUNTY COURT AT LAW OF

 

PROTECTION OF M.H.      §                      CHEROKEE
COUNTY, TEXAS

 

 

 



MEMORANDUM OPINION

            M.H. appeals
from an order entered by the trial court after a hearing without a jury  authorizing the Texas Department of Mental
Health and Mental Retardation to administer psychoactive medication to M.H.  In three issues, M.H. asserts he was denied
due process, trial counsel was ineffective, and the evidence is legally and
factually insufficient to support the order. 
We affirm.

 

Background








            On
January 6, 2006, the trial court entered an order for inpatient mental health
services pursuant to Chapter 46C of the Texas Code of Criminal Procedure.  On January 20, 2006, an application for court
ordered authorization for the administration of psychoactive medication was
filed.  The application was prepared by a
physician, Dr. Satyajeet Lahiri, because M.H. refused to take medication
voluntarily.  Dr. Lahiri diagnosed M.H.
as suffering from schizoaffective disorder, bipolar.  








            M.H.
was represented by appointed counsel JoAl Cannon Sheridan but wanted to hire an
attorney from Beaumont.  On January 24,
the trial court appointed Forrest Phifer as co-counsel for M.H. On January 31,
the trial court continued the case at M.H.’s request to give him time to contact
the Beaumont attorney. Sheridan spoke with that attorney who denied that M.H.
was his client.  On February 1, Sheridan
filed a motion to withdraw because M.H. did not want her to represent him.  On February 2, the trial court entered a
revised order appointing Phifer.  At the
hearing on February 3, M.H. refused to participate because the Beaumont
attorney was not present.  The trial
court granted Sheridan’s motion to withdraw and, because the Beaumont attorney
denied that M.H. was his client, and had not contacted the court to say he was
M.H.’s attorney, the court proceeded with the hearing.  Phifer represented M.H. at the hearing.  Dr. Satyajeet Lahiri testified regarding the
need for the court’s intervention.  At
the close of evidence, the court entered an order to administer psychoactive
medication.

 

Due Process

            In
his first issue, M.H. contends he was denied due process under the Fourteenth
Amendment to the United States Constitution and Article 1, Section 19 of the
Texas Constitution.  He argues that he
was denied the right to counsel when the trial court denied his motion for
continuance and proceeded in the absence of his retained counsel of choice.

            The
subject of an involuntary civil commitment proceeding has the right to due
process of law.  Moss v. State,
539 S.W.2d 936, 941 (Tex. Civ. App.–Dallas 1976, no writ).  The constitutions of both the United States
and Texas contemplate the right to counsel of one’s choosing.  See Gonzalez v. State, 117
S.W.3d 831, 836-37 (Tex. Crim. App. 2003). 
However, this right is not unqualified or absolute.  Id. at 837.  Further, the right to retain counsel of one’s
choosing must be balanced with a trial court’s need for fair and orderly
administration of justice.  Id.  What is required is the fair or reasonable opportunity
to obtain particular counsel.  Newton
v. Dretke, 371 F.3d 250, 255 (5th Cir. 2004).  When examining alleged deprivation of the
right to counsel, courts focus on the integrity of the adversarial
process.  Wheat v. United States,
486 U.S. 153, 159, 108 S. Ct. 1692, 1697, 100 L. Ed. 2d 140 (1988).

            Here,
M.H. had appointed counsel at least ten days before the hearing.  He was allowed one continuance to give him
time to hire the attorney of his choice. 
That attorney told M.H.’s appointed attorney that he did not represent
M.H.  There is no constitutional right to
an advocate who declines the offer of employment.  Gonzalez, 117 S.W.3d at
837.  M.H. was not denied due process of
law under these circumstances.  We
overrule M.H.’s first issue.

 

Ineffective
Assistance of Counsel

            In
his second issue, M.H. asserts that he was denied effective assistance of
counsel.  He complains that his counsel
was appointed the day before the hearing. 
Arguing that this is not enough time to prepare an adequate defense, he
contends this is prima facie proof of ineffective assistance of counsel.

            The
United States Supreme Court has established a two part test, also adopted by
Texas courts, to determine whether the representation of counsel was
effective.  The defendant must show that
(1) counsel’s representation fell below an objective standard of
reasonableness, and (2) there is a reasonable probability that, but for counsel’s
unprofessional errors, the results of the proceedings would have been
different.  Strickland v. Washington,
466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); Hernandez
v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). 

            The
record contains a motion indicating that Phifer was appointed on January 24,
several days before the February 3 hearing. 
A “revised” order appointing him was signed on February 2.  Prior to February 3, Sheridan was also M.H.’s
appointed attorney.  At the hearing,
Phifer said this was the first opportunity he had to speak with M.H.  However, counsel proceeded to represent M.H.,
requesting a continuance, explaining M.H.’s position to the court, and cross
examining the State’s witness.  There is
no indication that any defense counsel in such a matter as this would need more
than a few days to prepare for trial.  M.H.
does not complain of any act or omission by Phifer in his representation of
M.H.  M.H. has not met his burden to
overcome the strong presumption that counsel’s conduct falls within the wide
range of reasonable professional assistance. 
Strickland, 466 U.S. at 689, 104 S. Ct. at 2065-66.  M.H. has not shown that Phifer’s performance
was deficient.  We overrule M.H.’s second
issue.

 

Psychoactive
Medication

            In
his third issue, M.H. asserts the evidence is neither legally nor factually
sufficient to support the order to administer psychoactive medication.  He contends that the State did not prove by
clear and convincing evidence that he lacks the capacity to make a decision
regarding the administration of psychoactive medicine.  He argues that the record does not show that
he did not have the ability to understand the nature and consequences of taking
medication.    

Applicable Law

            In
a legal sufficiency review where the burden of proof is clear and convincing
evidence, the reviewing court must consider all of the evidence in the light
most favorable to the finding to determine whether a reasonable trier of fact
could have formed a firm belief or conviction that its finding was true.  In re J.F.C., 96 S.W.3d 256,
266 (Tex. 2002).  The reviewing court
must assume that the factfinder resolved disputed facts in favor of its finding
if a reasonable factfinder could do so.  Id.  A court should disregard all evidence that a
reasonable factfinder could have disbelieved or found to have been
incredible.  Id.  However, we consider undisputed evidence that
does not support the jury finding.  Id.


            In
addressing a factual sufficiency of the evidence challenge, we must consider
all the evidence in the record, both that in support of and contrary to the
trial court’s findings.  In re C.H.,
89 S.W.3d 17, 27-29 (Tex. 2002).  This
court must give due consideration to evidence that the factfinder could
reasonably have found to be clear and convincing.  Id. at 25.  We must determine whether the evidence is
such that a factfinder could reasonably form a firm belief or conviction about
the truth of the State’s allegations.  Id.  We must consider whether disputed evidence is
such that a reasonable trier of fact could not have reconciled that disputed
evidence in favor of its finding.  In
re J.F.C., 96 S.W.3d at 266. 
Appellate courts retain deference for the constitutional roles of the
factfinder.  In re C.H., 89
S.W.3d at 26.  The trier of fact is the
exclusive judge of the credibility of the witnesses and the weight to be given
to their testimony.  See id.
at 27; In re J.J.O., 131 S.W.2d 618, 632 (Tex. App.–Fort Worth
2004, no pet.).  

            The
court may enter an order authorizing the administration of psychoactive
medication if it finds by clear and convincing evidence that the patient is
under an order for temporary or extended mental health services, the patient
lacks the capacity to make a decision regarding the administration of the
proposed medication, and treatment with the proposed medication is in the best
interest of the patient.  Tex. Health & Safety Code Ann. §
574.106(a) (Vernon Supp. 2005).  In
determining that there is a need for psychoactive medication, the court is
required to consider the following:

 

            (1)           the patient’s expressed preferences
regarding treatment with psychoactive medication;

 

                (2)           the patient’s religious beliefs;

 

                (3)           the risks and benefits, from the perspective of the
patient, of taking psychoactive medication;

 

                (4)           the consequences to the patient if the psychoactive
medication is not administered;

 

                (5)           the prognosis for the patient if the patient is treated
with psychoactive medication; 

 

                (6)           alternatives to treatment with psychoactive medication;
and

 

                (7)           less intrusive treatments likely to secure the patient’s
agreement to take the psychoactive medication.

 

 

Tex. Health 
& Safety Code Ann. §
574.106(b) (Vernon Supp. 2005).

Discussion

            Dr.
Lahiri testified that M.H. was, at the time of the hearing, under an order for
mental health services pursuant to Chapter 46C of the Texas Code of Criminal
Procedure.  The doctor testified that
M.H. suffers from schizoaffective disorder, bipolar type, and he shows signs of
paranoid psychosis and hypermanic symptoms. 
He said M.H. lacks the capacity to make a decision regarding
administration of psychoactive medication or to give consent.  M.H. refuses to take any medication other
than Risperdal Consta.  Dr. Lahiri
explained that M.H.’s insight and judgment are grossly impaired.  M.H. believes he knows what medications are
best for him, but his thinking is influenced by his psychosis.  M.H. believes everyone is out to give him the
wrong medication.  The requested
medications are in the proper course of treatment and are in M.H.’s best
interests, the benefits outweigh the risks, and his hospital stay would be
shortened if medications are used.  Dr.
Lahiri testified that, if he does not have access to these medications, M.H.
will continue to deteriorate and pose a danger to others.  He said there are no alternatives to treatment
with these medications.

            On
cross examination, Dr. Lahiri said he discussed the use of these medications
with M.H., and M.H. indicated an awareness of the nature of the
conversation.  M.H. told Dr. Lahiri that
he preferred to take Risperdal because M.H. believes it works for him and he is
tolerating it well.  While Risperdal is
within the category of antipsychotics included in the list of requested
medications, Dr. Lahiri said it is not a fair and reasonable option for M.H.
because it is not working.  Dr. Lahiri
reiterated that there are no alternatives to the use of psychoactive
medications that could render the same or similar results.  The doctor estimated that M.H. might show
improvement in four to six weeks once he begins taking the medications and may
be discharged in ninety days.

            Considering
all the evidence in the light most favorable to the findings, we conclude a
reasonable trier of fact could have formed a firm belief or conviction that
M.H. lacked the capacity to make a decision regarding administration of the
proposed medication.  See In re
J.F.C., 96 S.W.3d at 266.  This
evidence satisfies the statutory requirement for clear and convincing evidence
in support of the order for administration of psychoactive medication.  See Tex.
Health & Safety Code Ann. § 574.106(a).  The evidence is legally sufficient to support
the trial court’s order.  See In re
J.F.C., 96 S.W.3d at 266.

            In
addressing M.H.’s factual sufficiency complaint, we consider all the evidence,
giving due consideration to evidence the factfinder could reasonably have found
to be clear and convincing.  In re
C.H., 89 S.W.3d at 25.  M.H.
presented no testimony at the hearing. 
Although the doctor believed that M.H. understood the nature of the
conversation about medication, he also believed M.H. was not competent to make
a decision about medication.  In light of
the entire record, the evidence that the trial court could not have credited in
favor of its findings is not so significant that the trial court could not
reasonably form a firm belief or conviction that M.H. lacks the capacity to
make a decision regarding the administration of the proposed medication and
that treatment with the proposed medication is in his best interest.  See id.  Thus, the evidence is factually sufficient to
support the trial court’s findings.  See
Tex. Health & Safety Code Ann.
§ 574.106(a).  Because we hold the
evidence is both legally and factually sufficient to support the trial court’s
order, we overrule M.H.’s third issue.

 

Conclusion

            M.H.
was denied neither due process nor effective assistance of counsel.  The evidence is legally and factually
sufficient to support the trial court’s order for the administration of
psychoactive medication.  

            We
affirm the trial court’s order. 


 

 

 

 

                                                                                  SAM GRIFFITH    

                                                                                         Justice

 

 

 

 

Opinion
delivered July 31, 2006.

Panel consisted of Worthen,
C.J. and Griffith, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)